**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**RAYMOND NARDO, P.C.**
Raymond Nardo
129 Third Street
Mineola, NY 11501
Telephone: (516) 248-2121

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DOMENICK SACCA, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br>-against-<br><br>**PRO CUSTOM SOLAR LLC D/B/A MOMENTUM SOLAR,**<br><br>**Defendant.** | **No: No. 22 Civ. 6356**<br><br>**CLASS ACTION COMPLAINT** |

Domenick Sacca ("Sacca" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions such as installers (collectively, "Hourly Workers") who work or have worked for Pro Custom Solar LLC ("Momentum Solar" or "Defendant") in New York State.

2.      At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

3.      Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the

week in which these wages were earned.

4.      In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

5.      Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955)

6.      As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

7.      Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

<u>**THE PARTIES**</u>

<u>**Plaintiff**</u>

**Domenick Sacca**

8.      Sacca is an adult individual who is a resident of the State of New York.

9.      Sacca was employed by Momentum Solar as an installer, an Hourly Worker, earning approximately $25.00 per hour from on or around March 2021 through January 2022.

10.     Sacca is a covered employee within the meaning of the NYLL.

<u>**Defendant**</u>

**Pro Custom Solar LLC**

11.     Defendant is a foreign business corporation organized and existing under the laws

of New Jersey.

12.     Defendant's principal executive office is located at 3096 B Hamilton Blvd., South Plainfield, NJ 07080.

13.     Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

14.     Defendant has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15.     Defendant applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

<u>JURISDICTION AND VENUE</u>

16.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

17.     There are over 100 members in the proposed class.

18.     Defendant is subject to personal jurisdiction in New York.

19.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

20.     Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the

Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Hourly
> Workers for Momentum Solar in New York from
> March 6, 2016 through the date of final judgment in
> this matter (the "New York Class").

21.     The members of the New York Class are so numerous that joinder of all members

is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

22.     There are more than fifty members of the New York Class.

23.     Plaintiff's claims are typical of those claims that could be alleged by any member

of the New York Class, and the relief sought is typical of the relief which would be sought by each

member of the New York Class in separate actions.

24.     Plaintiff and the New York Class have all been injured in that they have been

uncompensated, under-compensated, or untimely compensated due to Defendant's common

policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices

affected everyone in the New York Class similarly, and Defendant benefited from the same type

of unfair and/or wrongful acts as to each member of the New York Class.

25.     Plaintiff is able to fairly and adequately protect the interests of the New York Class

and has no interests antagonistic to the New York Class.

26.     Plaintiff is represented by attorneys who are experienced and competent in both

class action litigation and employment litigation and have previously represented many plaintiffs

and classes in wage and hour cases.

27.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

28.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a)  whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

29.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Domenick Sacca**

30.     Sacca was employed by Defendant as an installer for Momentum Solar in Long Island, New York.

31.     During Sacca's employment, over twenty-five percent of his duties were physical tasks, including but not limited to: (1) loading trucks with equipment; (2) setting up the installation which included setting up ladders, racking systems, and ropes; (3) installing solar units; and (4) cleaning up his work site, packing the truck and driving.

32.     Defendant's description of Sacca's position highlight its manual nature:

**Job Specific Requirements**

- Repair and install solar panels on residential roofs
- Monitors performance of installed electrical equipment for hazards, adjustments, or replacement.
- Provide and maintain a current, valid driver's license and a clean driving record to safely operate a company vehicle or personal vehicle for company use as necessary
- Follow a preset job schedule and track hours
- Professional appearance and interaction with homeowners at all times is a MUST
- Additional duties required as needed
- You will be provided with any and all required safety equipment

**Qualifications**

- 1+ Years of residential roofing and/ or electric installation is recommended.

**Physical Requirements**

- Ability to safely and successfully perform the essential job functions for quality assurance - this includes but is not limited to:
- Climbing ladders/ stairs
- Ability to work safely in a branch/warehouse/rooftop/ attic environment
- Ability to work on rooftops with various pitched surfaces
- Ability to lift 50 - 70lbs
- Ability to move any/all equipment as needed - ladders, tools, etc.
- Ability to work in extreme environments
- (example: hot sun, cold weather, snow, hot/cold attics, and homes)

33.     Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Sacca has been compensated by Defendant on a bi-weekly basis.

34.     In this regard, Defendant failed to pay Sacca his wages earned as required by NYLL § 191(1)(a).

35.     As a result of Defendant's untimely wage payments, Sacca was underpaid every corresponding period where Defendant paid Sacca on an untimely basis.

36.     Moreover, Sacca was denied the time-value of his money by Defendant's underpayments. Sacca was unable to invest, save, or purchase utilizing the wages he earned and was owed.

37.     For instance, Sacca was already past due on his credit cards and car payments, and fell further behind by not being able to pay them because his wages were held for an extra week.

38.     After a few months of working for Defendant, Sacca's car was repossessed by the lender.

39.     Sacca routinely goes grocery shopping once a week, but did not receive his pay every week, which impaired his ability to purchase groceries, and caused him to borrow money from third parties to purchase groceries.

40.     On or around January 8, 2022, Sacca started working for Defendant as a sales representative. Sacca was a "commission salesman" under §190(6) of the Labor Law.

41.     Sacca sold solar programs, and earned commissions based on the kilowatts of the system size sold.

42.     Sacca's Sales Managers, Mr. Hussein, Hugo, and Emma advised Sacca that he would earn a commission, according to company policy, for sales which were ultimately installed.

43.     Approximately 30 of the systems sold by Sacca were installed, so Sacca earned his commission pursuant to the New York Labor Law.

44.     Defendants never paid Sacca his earned commissions, although Defendants paid commissions to similarly situated sales representatives.

45.     Defendants owe Sacca at least $10,000 in earned, but unpaid, commissions, and an equal amount of liquidated damages, pursuant to §198 of the Labor Law.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

48.     Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

49.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely

wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

<u>**SECOND CAUSE OF ACTION**</u>
**New York Labor Law – Unpaid Commissions**
**(Brought Individually, on behalf of Plaintiff)**

50.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51.     At all times relevant, Plaintiff was an employee within the meaning of NYLL §§ 190, et seq., and any supporting New York State Department of Labor Regulations.

52.     At all times relevant, Defendant was an employer within the meaning of NYLL §§ 190, et seq., and any supporting New York State Department of Labor Regulations.

53.     At all times relevant, Plaintiff was employed as a commission sales persons within the meaning of NYLL §§ 190, 191(c) et seq.

54.     The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiff.

55.     Defendant failed to pay Plaintiff commissions earned in accordance with the agreed upon terms of his employment.

56.     Defendant failed to calculate Plaintiff's commissions in accordance with the terms of their commission agreement.

57.     By Defendant's knowing or intentional failure to pay earned commissions to Plaintiff, Defendant willfully violated NYLL Article 6, § 191(1)(c).

58.     Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**Breach of Contract**
**(Brought Individually, on behalf of Plaintiff)**

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.     Plaintiff entered into employment contracts with Defendant, including implied and/or express contracts.

61.     Defendant agreed to pay Plaintiff commissions based on the kilowatts of the system size sold.

62.     Plaintiff's Sales Managers, Mr. Hussein, Hugo, and Emma advised Plaintiff that he would earn a commission, according to company policy, for sales which were ultimately installed.

63.     Approximately 30 of the systems sold by Plaintiff were installed, so Plaintiff earned his commission pursuant to the New York Labor Law.

64.     As consideration for these payments from Defendant, Plaintiff agreed to and did provide their labor and services for Defendant.

65.     Plaintiff fully performed all of their obligations under the agreement.

66.     Defendant breached the agreement by failing to pay Plaintiff all commissions and other wages earned.

67.     Defendant's failure to comply with the terms of the agreement constitutes a breach of contract.

68.     As a result of the foregoing, Plaintiff suffered damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons,

respectfully request that this Court grant the following relief:

A.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C.    Liquidated damages permitted by law pursuant to the NYLL.

D.    Prejudgment and post-judgment interest;

E.    Unpaid, earned commissions;

F.    Reasonable attorneys' fees and costs of the action; and

G.    Such other relief as this Court shall deem just and proper.


Dated: New York, New York
       October  20, 2020


                              Respectfully submitted,


                              /s/ *Brian S. Schaffer*
                              Brian S. Schaffer

                              **FITAPELLI & SCHAFFER, LLP**
                              Brian S. Schaffer
                              Frank J. Mazzaferro
                              28 Liberty Street, 30th Floor
                              New York, New York 10005
                              Telephone: (212) 300-0375

                              **RAYMOND NARDO, P.C**.
                              Raymond Nardo
                              129 Third Street
                              Mineola, NY 11501
                              Telephone: (516)248-2121

*Attorneys for Plaintiff and
the Putative Class*